# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3582-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JHON ROTAVISKY,

    Defendant-Appellant.

_____

Submitted January 11, 2022 – Decided July 20, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 18-03-0312.

Joseph E. Krakora, Public Defender, attorney for appellant (Douglas R. Helman, Assistant Deputy Public Defender, of counsel and on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Steven K. Cuttonaro, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

On May 6, 2019, defendant pled guilty to second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1).  Defendant was sentenced in August 2019 to a ten-year term of incarceration, with Megan's Law penalties and parole supervision for life.  He was between twenty-three and twenty-five years old at the time he committed the offenses which led to the charge and thirty-two years old at the time of his sentencing.

In October 2020, the Legislature passed an amendment to N.J.S.A. 2C:44-1(b), adding factor fourteen, youth of the offender, to the list of mitigating factors to be considered at sentencing.  Defendant appeals, raising the following points:

> POINT I
>
> THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS DEMANDS RETROACTIVE APPLICATION BECAUSE THE [LEGISLATURE] INTENDED IT, THE NEW LAW IS AMELIORATIVE IN NATURE, THE SAVINGS STATUE IS INAPPLICABLE, AND FUNDAMENTAL FAIRNESS REQUIRES RETROACTIVITY (Not raised below)
>
>> A. The Legislature Intended Retroactive Application
>>
>> B. The Savings Statute Does Not Preclude Retroactive Application of Ameliorative Legislative Changes, Like the One at Issue Here.

2

C. Retroactive Application of the Mitigating Factor Is Required as a Matter of Fundamental Fairness, and to Effectuate the Remedial Purpose of the Sentencing Commission's Efforts Regarding Juvenile Sentencing

POINT II

IRRESPECTIVE OF THE COURT'S DECISION ON RETROACTIVITY, THIS MATTER MUST BE REMANDED FOR RESENTENCING BECAUSE THE TRIAL COURT IMPROPERLY CONSIDERED ALLEGATIONS OUTSIDE THE RECORD AT THE SENTENCING HEARING, AND THE COURT FAILED TO ACCOUNT FOR ROTAVISKY'S INTELLECTUAL CHALLENGES. (Partially raised below)

We reject defendant's arguments and affirm.

Between 2010 and 2012, defendant lived off and on with his girlfriend, L.R., in her apartment. C.R., L.R.'s niece, also lived at the apartment during this time.[1] At all relevant times, C.R. was between four and seven years old and defendant had supervisory responsibility over the child. In 2018, C.R. reported to police that defendant had sexually assaulted her three or four times between April 2010 and April 2012. Defendant was indicted and charged with one count

---

[1] We use fictitious names and initials to protect the identity of defendant's girlfriend, as well as her niece, the victim. R. 1:38-3(c)(1).

of first-degree aggravated sexual assault of a victim under age thirteen, N.J.S.A. 2C:14-2(a) (1); one count of second-degree sexual assault, N.J.S.A. 2C:14-2(b); one count of third-degree endangering by sexual conduct with a child by a non-caretaker, N.J.S.A. 2C:24-4(a)(1); one count of fourth-degree obstruction, N.J.S.A. 2C:29-1; and one count of third-degree bail jumping, N.J.S.A. 2C:29-7.

On May 6, 2019, defendant pleaded guilty to an amended count of second-degree endangering by sexual conduct with a child by a caretaker, N.J.S.A. 2C:24-4(a)(1). In exchange for the plea, the State agreed to recommend ten years in prison, the maximum sentence on a second-degree charge. The remaining counts were dismissed.

At the sentencing hearing, the State introduced a written victim impact statement from C.R., as well as victim impact testimony from C.R.'s father. The father stated to the court that his daughter, C.R., had attempted suicide three times and had been hospitalized with what he alleged were anxiety and mental health challenges.

The sentencing court weighed the aggravating and mitigating factors. The court found aggravating factors one, "[t]he nature and circumstances of the offense, . . . including whether or not it was committed in an especially heinous,

cruel, or depraved manner," N.J.S.A. 2C:44-1(a)(1); two, "[t]he gravity and seriousness of harm inflicted on the victim," N.J.S.A. 2C:44-1(a)(2); three, "[t]he risk that the defendant will commit another offense," N.J.S.A. 2C:44-1(a)(3); four, "the defendant took advantage of a position of trust or confidence to commit the offense," N.J.S.A. 2C:44-1(a)(4); and nine, "[t]he need for deterring the defendant and others from violating the law," N.J.S.A. 2C:44-1(a)(9). The court found mitigating factor seven, "[t]he defendant has no history of prior . . . criminal activity," N.J.S.A. 2C:44-1(b)(7); and rejected mitigating factors nine, "[t]he character and attitude of the defendant indicate that [he] is unlikely to commit another offense," N.J.S.A. 2C:44-1(b)(9); and ten, "[t]he defendant is particularly likely to respond affirmatively to probationary treatment," N.J.S.A. 2C:44-1(b)(10). Defendant did not ask the court to consider his age at the time he committed the offenses as a non-statutory mitigating factor. He was thirty-two at the time of sentencing. The court noted that defendant was "certainly an adult at the time [of the offenses]," and sentenced defendant on August 12, 2019. Fourteen months later, the Legislature amended N.J.S.A. 2C:44-1(b) on October 19, 2020. Defendant appealed.

We first address the retroactivity question. Defendant argues his sentence should be vacated and that he should be sentenced in accordance with the

5

recently enacted criteria set forth in N.J.S.A. 2C:44-1(b)(14), even though his sentence was handed down months before its enactment. We disagree for the reasons set forth in State v. Lane, __ N.J. __, __ (2022) (slip op.at 21). The Court found, after applying standard principles of statutory construction, that the Legislature intended that N.J.S.A. 2C:44-1(b)(14) be applied prospectively only. Id. at 20.

We turn to defendant's second argument. He contends the sentencing court erred by considering facts outside of the record. As a corollary, defendant argues that if we reverse and remand on this point, the court must weigh mitigating factor fourteen at resentencing. See id. at 21 n.3; see also State v. Bellamy, 468 N.J. Super. 29, 45 (App. Div. 2021). We are not persuaded as to defendant's second point, and consequently do not reach the resentencing issue.

We deferentially review a trial court's sentencing determination and do not substitute our judgment for that of the sentencing court. State v. Rivera, 249 N.J. 285, 297 (2021). We affirm unless the sentencing guidelines are violated, the aggravating and mitigating factors found are not based upon competent credible evidence in the record, or the trial court's application of the sentencing guidelines make the sentence so clearly unreasonable as to shock the judicial conscience. State v. Roth, 95 N.J. 334, 364-65 (1984).

Defendant objected after C.R.'s father mentioned her suicide-related hospitalizations during his impact statement. Defendant argued that the references to C.R.'s hospitalizations should not be considered by the court without production of the related hospital records. The court noted, and defendant conceded, that it had given defendant the opportunity to file a motion to obtain C.R.'s hospital records prior to sentencing, and that defendant elected not to do so. The court went on to find that, even without consideration of the suicide attempts, it was reasonable to infer that a child "that suffered sexual abuse would suffer psychological harm."

The court went on to make detailed findings to support each of the aggravating and mitigating factors it concluded were applicable. The court found the aggravating factors clearly and convincingly outweighed the mitigating factors and imposed the agreed-upon sentence. After a careful review of the record, we discern nothing to indicate that the court relied upon the victim impact statements by C.R. or her parents in sentencing defendant and we find no error.

For the first time, defendant argues the sentencing court erred because it "failed to account for [defendant's] intellectual challenges" in imposing the agreed-upon sentence. Although we may consider allegations of errors or

omissions not brought to the court's attention if they meet the plain error standard under Rule 2:10-2, we frequently decline to consider issues not raised below nor properly presented on appeal.  See State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006).  The record[2] shows that this is such an occasion.

To the extent that we have not addressed any remaining arguments by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  The record shows that defendant emigrated from Columbia and completed high school and some college, both in the United States.  Defendant learned English in the United States and declined an interpreter for his court proceedings in this matter.  For several years prior to his arrest, he worked as a cellphone tower technician, a position that requires a meaningful level of technical understanding and skill.